DA 06-0593

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 33N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BRUCE RAYMOND ADAMS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-05-275
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; David Avery, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Attorney General; Micheal S. Wellenstien, Assistant
Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney; Karen S. Townsend,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  December 12, 2007

Decided:  February 5, 2008

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Bruce Raymond Adams (Adams) appeals from an order of the Fourth Judicial District Court, Missoula County, denying his motion to suppress evidence obtained following a police stop. We affirm.

¶3 Missoula County Sheriff's deputies responded to a report that a pickup truck had been dragging 100 to 200 feet of chain link fence down Highway 10 West on June 5, 2005. The caller reported that the driver of the truck was a male who had abandoned the truck in the Missoula Trap & Skeet Club parking lot off Highway 10 West. The caller also reported that the driver had left the parking lot on foot.

¶4 The deputies observed the truck with the chain link fence hooked to the undercarriage in the Missoula Trap & Skeet Club lot. Deputy Meier (Meier) investigated the Time Rental premises, the nearby business from which the suspect had stolen the truck, where he saw that the fence had been cut away and dragged. Meier also searched the stretch of Highway 10 between Time Rental and the Missoula Trap & Skeet Club for the suspect. Meier did not see any male pedestrians.

¶5 A tow truck driver had arrived to take the stolen truck when Meier returned to the Missoula Trap & Skeet Club. The tow truck driver reported that he had seen a man walking

along the shoulder of Highway 10 near the Missoula Trap & Skeet Club. Meier again drove down Highway 10 to locate the pedestrian and saw Adams walking along the road. Meier later testified that this stretch of Highway 10 consists of commercial buildings that are closed in the evening. Meier reported that he rarely sees pedestrians along Highway 10 in the evening. Adams, wearing only jeans and a t-shirt, was not dressed appropriately for the cool, rainy evening. Adams appeared wet and dirty.

¶6 Meier stopped to speak with Adams. He identified himself and instructed Adams to stand in front of the patrol car. Meier noticed red-handled tin snips in Adams's back pocket as Adams approached the car. Meier then informed Adams that he was going to handcuff him for safety purposes. Meier explained he simply wanted to talk to Adams, and that he was not under arrest. Dispatch informed Meier during the stop that Adams had an outstanding highway patrol warrant. Meier arrested Adams based upon the outstanding warrant. Time Rental's manager later confirmed that Adams was a former employee who had been placed on probation for drinking, and who had quit a few months before without picking up his last paycheck.

¶7 Adams filed a motion to suppress the evidence based upon a lack of particularized suspicion to stop him. The District Court considered Adams's presence at the scene, his appearance, his possession of red-handled tin snips, the fact that pedestrians do not frequent the area, and the fact that he matched the witness description and witness account that the driver had left on foot. The District Court determined that Meier had particularized suspicion based upon the totality of the circumstances to conduct the investigative stop. The

3

District Court concluded that even if Meier lacked particularized suspicion, the detailed description of the person seen leaving the truck and the Time Rental manager's statement about Adams employment history constituted independent evidence that would have been admissible at trial.

¶8     Adams argues that Meier lacked particularized suspicion for the stop because a one hour and thirty-four minute interval existed between the initial report to dispatch and Meier's first observation of Adams. Adams also contends that the District Court gave undeserved significance to Adams having matched the witness's description of a wet and dirty male. Adams finally asserts that the independent source rule cannot apply because the Time Rental manager would not have known that Adams was the suspect without the investigative stop.

¶9     The State counters that the District Court acknowledged the time difference and was guided by a common sense interpretation of the totality of the circumstances and not an artificial time line. The State argues that the District Court correctly considered the totality of the circumstances including Adams's description, his location in the vicinity of the crime scene in an area not frequented by pedestrians, his dirty and wet appearance, and his inappropriate dress for the weather. The State finally reasserts the District Court's conclusion that the detailed witness description and the Time Rental manager's statement about Adams's employment history provided independent evidence.

¶10     We review the denial of a motion to suppress to determine if the district court's findings of fact are clearly erroneous and whether its interpretation of the law is correct. *State v. Case*, 2007 MT 161, ¶ 16, 338 Mont. 87, ¶ 16, 162 P.3d 849, ¶ 16. We have

4

determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.

¶11    We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE